## IN THE COURT OF APPEALS OF IOWA

No. 22-0442
Filed May 25, 2022

**IN THE INTEREST OF A.L.,**
**Minor Child,**

**H.C., Mother,**
   Appellant.
_____

   Appeal from the Iowa District Court for Black Hawk County, David F. Staudt,

Judge.

   A mother appeals the termination of her parental rights.  **AFFIRMED.**

   Rachel Antonuccio of Waterloo Juvenile Public Defender's Office, Waterloo,

for appellant mother.

   Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

   Joseph Martin, Waterloo, attorney and guardian ad litem for minor child.

   Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

This child tested positive for methamphetamine and amphetamines at birth due to the mother's use of those drugs during her pregnancy. The family received voluntary services for approximately two months, but the mother participated minimally and did not participate in drug screens. When she finally submitted to drug testing, she tested positive for methamphetamine and admitted using in the bathroom of the family home while caring for the child. The child was removed from the home and has never returned to the mother's custody.

The child was adjudicated as a child in need of assistance, and the Iowa Department of Human Services (DHS) continued to provide services to the mother for roughly thirteen months. During that time, the mother avoided all drug testing except for the one positive test that led to the child's removal. The mother started inpatient drug treatment, but she was kicked out of the program after about twenty days due to lack of compliance and aggression with providers and other residents. The mother did not meaningfully participate in any other treatment options.

In addition to her substance-abuse issues, the mother lacked stability in employment and housing. Because the child was removed from the mother's care, she was offered visitation with the child. The mother attended only about one-half of the visits offered. When she did attend, she frequently brought others to provide care for the child. The mother never progressed past fully-supervised visits, and the visits could not take place in the home where she lived due to safety concerns that were never mitigated.

The mother also has mental-health issues, but she refused to be assessed or receive adequate treatment for those issues. She also demonstrated bad

judgment by continuing relationships with abusive partners.

Due to the mother's lack of progress, a termination-of-parental-rights proceeding was started against her. The proceeding also targeted unknown putative fathers, as the child's biological father could not be identified. Following a hearing, the juvenile court terminated the mother's and all putative fathers' parental rights. Only the mother appeals.

## I.      Standard and Scope of Review

We review proceedings terminating parental rights de novo.[1] With de novo review, we give weight to the juvenile court's factual findings, especially in determining credibility of witnesses, but we are not bound by them.[2]

Assessing a decision to terminate parental rights follows a three-step analysis.[3] First, we decide whether the State has established a statutory ground for termination under Iowa Code section 232.116(1) (2021).[4] If it has, we then determine whether termination is in the child's best interest after considering the framework of section 232.116(2).[5] If we determine termination is in the child's best interest, we then consider whether any of the permissive exceptions of section 232.116(3) should be applied to preclude termination.[6]

## II.     Analysis

The mother raises four issues on appeal. We consider each in turn.

---

[1] *In re T.F.*, 972 N.W.2d 1, 7 (Iowa 2022).
[2] *In re W.T.*, 967 N.W.2d 315, 322 (Iowa 2021).
[3] *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021).
[4] *A.B.*, 957 N.W.2d at 294.
[5] *A.B.*, 957 N.W.2d at 294.
[6] *A.B.*, 957 N.W.2d at 294.

### A.    Statutory Ground for Termination

The juvenile court terminated the mother's rights pursuant to Iowa Code section 232.116(1)(h) and (*l*).  The mother challenges both grounds.  "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence."[7]    Because we find clear and convincing evidence supporting termination under Iowa Code section 232.116(1)(h), we only address that ground.

Termination of parental rights pursuant to Iowa Code section 232.116(1)(h) requires proof of the following elements:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother only contests the fourth element—that the child could not be returned to her care at the time of the hearing.[8]  We agree with the juvenile court that the child could not be returned to the mother's care.  At the time of the termination hearing, the mother was still not gainfully employed and was in a tenuous living situation.  Further, she had unmitigated substance-abuse and mental-health concerns.  She failed to submit to forty-two of forty-three requested drug screens, failed to complete substance-abuse treatment, and failed to obtain a mental-health

---

[7] *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).
[8] *In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014) (stating "at the present time" means at the time of the termination hearing).

evaluation.[9] Further, the mother never progressed past fully-supervised visits, and she only attended roughly half of all offered visits.[10] Considering these facts, the child could not be returned safely to the mother's care at the time of the termination hearing, so the State proved statutory grounds for termination under section 232.116(1)(h).

## B.    Additional Time for Reunification

The mother also argues that the juvenile court should have granted her an additional six months to work toward reunification with the child before ordering termination of her parental rights.  If the court can "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for [a] determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period,"[11] it may continue placement of the child for an additional six months to allow the parent to work toward reunification.[12]

The record does not reveal any articulable facts that support granting the mother an additional six months.  As already noted, during the mother's year-long

[9] *See In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) ("We have long recognized that an unresolved, severe, and chronic drug addiction can render a parent unfit to raise children.").

[10] *See In re C.N.*, No. 19-1861, 2020 WL 567283, at *1 (Iowa Ct. App. Feb. 5, 2020) ("Moreover, the mother failed to progress toward reunification over the life of this case.  She never progressed to unsupervised visits or trial home visits. Without this necessary progression, we cannot say the children could have returned to the mother's care.").

[11] Iowa Code § 232.104(2)(b).

[12] *See* Iowa Code § 232.117(5) (permitting the juvenile court to consider other permanency options if it decides not to terminate parental rights); *see also id.* § 232.104(2)(b) (providing a permanency option of giving a parent an additional six months to correct the conditions that require a child's removal).

involvement with the DHS, she failed to show significant progress in any areas of concern. There is no evidence that such progress would be made in another six months. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child."[13] Accordingly, we affirm the juvenile court's denial of an additional six months to work toward reunification.

### C. Exception to Termination

The mother next contends the juvenile court should not have terminated her rights because it is not in the child's best interest to do so due to the mother-child bond. As many parents do, the mother conflates a best-interests argument with arguments about permissive factors weighing against termination.[14] Because the mother focuses primarily on the bond, we interpret her argument to be based on a permissive exception to termination under section 232.116(3)(c).[15]

Iowa Code section 232.116(3) provides a number of exceptions to termination. The exceptions are permissive, not mandatory, and the burden to establish applicability of an exception is on the parent relying on it.[16] The mother relies on section 232.116(3)(c), which permits the court to decline to terminate a parent's rights if doing so would be detrimental to the child because of the

---

[13] *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010).

[14] *Compare* Iowa Code § 232.116(2) (best interests), with *id.* § 232.116(3) (permissive factors).

[15] *See In re A.H.*, No. 21-1450, 2022 WL 468723, at *3 n.4 (Iowa Ct. App. Feb. 16, 2022) (noting that we choose how to view the argument when a parent conflates the parent's best-interest argument with arguments regarding a permissive exception).

[16] *In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021).

closeness of the parent-child relationship. We decline to apply this exception to avoid termination. While the mother loves the child and they enjoy seeing each other, the existence of a bond is not enough.[17] The mother was required to prove by clear and convincing evidence that termination would be detrimental to the child due to the closeness of the parent-child relationship.[18] The mother did not meet her burden, as she presented no persuasive evidence that termination of her rights would be detrimental to the child.

### D.       Guardianship Instead of Termination

Finally, the mother contends her rights should not be terminated because a guardianship with the mother's grandmother (the child's great-grandmother) should have been established instead. It is true that the law permits denial of termination and establishment of a guardianship instead.[19] However, a guardianship in lieu of termination is not appropriate here for a number of reasons. First, a guardianship is not a legally preferable alternative to the termination of parental rights.[20] Second, this child is very young—about thirteen months old at the time of the termination hearing—and a guardianship is not favored with such a young child under these circumstances.[21] Third, the record establishes that the child's great-grandmother was no longer willing to be considered as a placement

---

[17] *A.B.*, 956 N.W.2d at 169.

[18] *A.B.*, 956 N.W.2d at 169.

[19] *See* Iowa Code § 232.117(5) (permitting the juvenile court to deny termination and implement another permanency option); *see also id.* § 232.104(2)(d)(1) (allowing a permanency option of transferring guardianship and custody of a child to a suitable person).

[20] *In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018).

[21] *See In re L.D.*, No. 21-0223, 2021 WL 1661152, at *5 (Iowa Ct. App. Apr. 28, 2021) ("Guardianship, especially in the case of young children . . . 'is not a legally preferable alternative to termination.'" (quoting *A.S.*, 906 N.W.2d at 477)).

option for the child by the time of the termination hearing, so the guardianship the mother proposes is not a viable option. For these reasons, we agree with the juvenile court's decision to terminate the mother's parental rights and decline establishment of a guardianship.

### III. Conclusion

The State established statutory grounds for termination. There is no persuasive evidence that convinces us that giving the mother an additional six months to work toward reunification would resolve the conditions that prevent reunification. The mother failed to prove that termination would be detrimental to the child due to the closeness of the mother-child relationship. A guardianship is not a preferable option to termination for this young child under the circumstances here. Accordingly, we affirm the juvenile court's decision to terminate the mother's parental rights.

**AFFIRMED.**